L. N. GIVENS *v.* SOUTHERN EXPRESS COMPANY.

[64 South. 737.]

1. DISCOVERY. *Statutory provisions. Code* 1906, *section* 1938. *Construction. Time to answer interrogations. Plea.*

Code 1906, section 1938, providing that "if the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogations to him may be filed in the clerk's office, and a copy thereof with notice of filing, shall be given the party, or his attorney or solicitor; and if he fails to answer such interrogations within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant, his plea or answer may be taken off the files and judgment by default entered, or the bill be taken as confessed," may be remedial in one sense, but the penalty imposed upon the defaulting party is radical, and there should be a manifest violation of its terms before a court would be justified in inflicting the penalty.

2. SAME.

Under this statute the cause must be at issue before it can be said that default was made in answering interrogations, and there is no default where defendant's demurrer was properly sustained and sixty days given plaintiff to amend his declaration.

3. SAME.

Nor was there any default under this statute to answer interrogations where a motion, made by defendant under Code 1906, section 940, to require plaintiff to give security for cost was pending and undisposed of.

APPEAL from the circuit court of Lauderdale county.
HON. JNO. L. BUCKLEY, Judge.

Suit by L. N. Givens against the Southern Express Company. From a judgment for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Fewell & Cameron,* for appellant.

We desire to call the court's particular attention to the fact that the motion for costs was made by the defendant, not by the officers of the court, and not on their behalf.

To uphold the action of the court it will be necessary to write out of the statutes section 1938 of the Code of 1906.

That statute reads as follows: "How testimony of nonresident party obtained: If the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fails to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant, his plea or answer may be taken off the file, and judgment by default entered, or the bill be taken as confessed."

On the state of the pleadings the defendant was a foreign corporation and a party to the suit.

It was held in the case of *Letchford* v. *McLean,* 60 Miss. 170, that where there were several parties to the bill living in distant states that thirty days service of the interrogatories, rather, that less than thirty days service was unreasonable.

In the case at bar only one party was addressed and this party had agents in the very town in which this suit was commenced and the matters complained of by the plaintiff arose in the local offices of the defendant.

In the case of *I. C. A. R.* v. *Sanford,* 75 Miss. 862, the interrogatories were filed on June 18, 1897, at the July term of the court (which by the way met on the second Monday in July) the defendant moved to strike the interrogations from the file. This motion the court overruled and a judgment entered by default. In this case the supreme court held the judgment proper. In this case the defendant did do the court the courtesy of filing a plea of general issue and then filed a motion to strike the interrogatories from the files.

Here, in the case at bar, we have the defendant corporation absolutely ignoring and disregarding the statutes of the state.

It never even saw fit to honor the process of the court by a demurrer until October 3, 1911. The appellee did see fit in its arrogance and disregard of the provisions of the statute to file a motion in its own behalf. It was then in default, flagrant default, and had been for a space of time from August 19, 1911, up to the 23rd day of September. Quite a space of time. And while the defendant was in such default this motion was filed, not by leave of court, not by consent, but in open arrogant disregard of the statute.

This court has upheld this statute in the case in 51 So. 601, and in two cases in 98 Miss., one reported at page 123 and one at page 159; the Southern Reporter case being affirmed without opinion.

The case in 98 Miss., page 123, Judge ANDERSON speaking for the court says: "Noncompliance by either party, to a suit with the provision of section 1938, Code 1906, authorizes the court, if he be plaintiff or complainant, to dismiss his case, and if defendant to strike his plea or answer from the files and render judgment by default, or that the bill be taken as confessed as the case may be. Such failure by either party to comply with the terms of the statute is taken as a confession that his cause is without merit, and the court so adjudged. Such judgment is an adjudication of the issues involved, etc."

The case in 98 Miss. 123, *Cum. Tel. Co.* v. *State,* holds that this section applies to nonresident corporations and makes it cumpulsory upon them to answer interrogatories and file the exhibits requested therein. What more can be said with reference to this statute?

It is shown by the declaration in this case that the defendant had possession of the very letters and the very facts demanded of it, and it is fair to assume that the plaintiff was without same.

Can it be permitted in this state of the case for the defendant to withhold the information requested and demanded of it by the statute and the interrogatories and by filing a motion for costs defeat the ends of the statute. We think not.

If it were true that the defendant could by motions filed at such times as it saw fit, delay the operation of this statute, then it is within the power and under the full control of the defendants to, in this manner, totally abrogate the statute.

We think the motion to strike should have been sustained and that the motion for a judgment by default with a writ of inquiry should have been promptly sustained by the court.

We think that this was a good declaration and the demurrer should not have been sustained (certainly not while the plaintiff was still entitled to make his bond) and the proceedings were thereby suspended.

We refer the court to *R. R.* v. *Ely,* 83 Miss. 519; *R. R.* v. *Brooks,* 69 Miss. 168. *Ins. Co.* v. *Ins. Co.,* 97 Miss. 148, is instructive as to the rights of the parties to this suit. And that case went up on demurrer and was reversed by the supreme court. *Wesley* v. *Nat. Lbr. Co.,* 97 Miss. 814, is also instructive and this case went upon demurrer and was reversed by the court.

We think the proper course for the defendant to have pursued as relating to deficiencies in appellant's declaration would have been for it to file a motion for a bill of particulars and not a demurrer.

*Baskin & Wilbourn,* for appellee.

The first proposition that we understand the appellant seriously insists upon is the alleged error of the court in overruling the motion of the appellant to strike from the files the appellee's motion to require the appellant to secure the costs, which said motion, to strike the motion for security for costs from the files, is found on page 12 of the record.

Section 1938 of the Code of 1906 of Mississippi is a highly penal statute. To our minds it was never intended to have any application until after the cause was at issue. The very language of the statute which says that if the nonresident, to whom the interrogatories have been addressed, be the defendant, his plea or answer may be taken off the file, and judgment by default entered, etc., clearly contemplates that the cause should be at issue. No case cited by the counsel for appellant holds that the failure to answer interrogatories filed with the declaration, before the cause is at issue, would subject the defendant to the penalty of the statute. We submit that this is the reasonable construction of the statute.

We respectfully submit that to deny to a litigant the right to move to secure the costs before answering interrogatories propounded to him under section 1938 of the Code, and to visit him with the severe penalties of that section, because instead of answering the interrogatories, he had seen fit to move to require his adversary to secure the costs of court, would be to deny such a litigant the equal protection of the law, and in effect would take the property of the defendant so situated without due process of law.

In the case of *McLean* v. *Letchford,* 60 Miss. 170, cited by the appellant, the defendants addressed interrogatories to the nonresident complainants, less than thirty days prior to the final hearing of the cause, as will appear from the statement of the court, on page 184 of the opinion, so that in that case the interrogatories were

not propounded until after the cause was at issue, and no such question or contention as is made by the appellant in the case at bar was involved in *McLean* v. *Letchford, supra.*

In *Illinois R. R. Co.* v. *Sanford,* 75 Miss. 862, the plaintiff filed a declaration on January 11, 1897. The defendant plead not guilty on the 24th day of February, 1897, and after the cause was thus at issue, and in June, 1897, the plaintiff filed interrogatories under the statute. Therefore, the point made by the appellant in the case at bar was not and could not have been involved in *I. C. R. R. Co.* v. *Sanford, supra.*

In *Bank* v. *Murray,* reported 51 So. 601, where the case was decided without opinion and again in 98 Miss. 123, we call the attention of the court to the statement of the facts by Judge ANDERSON, on page 124 of 98 Miss., where he is careful to state as follows: "After the cause was at issue, the appellant failing to answer interrogatories propounded to it under section 1938 of the Code of 1906, a judgment was entered dismissing the cause. From this judgment an appeal was taken to this court by the appellant and it was affirmed in 51 So. 601. Appellant then instituted a new suit on the same note to which appellee interposed the plea of *res adjudicata,* to which plea appellant demurred, which demurrer by the court below was sustained, and judgment entered, dismissing the cause, from which judgment appellant prosecutes this appeal."

The case, therefore, in 51 So. 601, and 98 Miss. 123, does not involve, in the remotest degree, the point insisted upon by the appellants in this case, with reference to the construction of section 1938 of the Code of 1906, of Mississippi.

The only other case cited on this point by the counsel for appellant is *Telephone Co.* v. *State,* 98 Miss. 159, in which case, the court will note from the statement of facts, that the Telephone Company answered the interrogatories propounded to it. And the cause did not in-

volve, as we submit, the question as to whether or not a nonresident defendant could be in default, or was in default, for not answering said interrogatories, where interrogatories were filed simultaneously with the declaration, and where the interrogatories were not answered because the nonresident defendant saw fit first, before undertaking to answer them, to require the costs of the litigation to be secured, and to test the sufficiency of the plaintiff's declaration.

Counsel does not cite any case that holds that section 1938 of the Code of 1906 of Mississippi requires a nonresident defendant to answer such interrogatories before the case is at issue, and before the costs have been secured in a case proper for the costs to be required to be secured.

We respectfully submit that there is not, and never will be, a case where a nonresident defendant can be compelled to answer, or be held to be in default, for not answering such interrogatories until after the cause is at issue, and until after such nonresident defendant has exercised, if it sees fit to do so, the right granted it under the law to move to require the plaintiff to give security for costs, and the further right under the law to test the sufficiency of the declaration and the materiality of the interrogatories.

Cook, J., delivered the opinion of the court.

Appellant sued appellee for an alleged libel; his declaration was filed August 19, 1911. With the declaration was filed interrogatories to the appellee, and service of same was had on the same day. On the return day of the court in which the suit was instituted, September 23, 1911, appellee made a motion that appellant be required to give security for costs. On the 25th day of September appellant moved the court to strike from the files the motion for costs, because appellee had not answered the interrogatories addressed to it under section 1938,

Code 1906. This motion was overruled by the court, and of this action of the trial court the first assignment of error is predicated. There are several other assignments of error; but we will only discuss the one determinative of the case.

Does section 1938, Code 1906, require a defendant to answer interrogatories propounded to him on or before the return day of the suit? It will be noted, in this case, the declaration was filed just within the time to make the case triable at the return term. Incidentally it may be stated that a demurrer to the declaration was seasonably filled and properly sustained; but, without considering this fact, appellee, defendant below, first filed a proper motion asking the court to require plaintiff to give security for costs, and it was this motion which appellant moved the court to strike from the files.

Does the statute contemplate that defendant to a suit cannot plead at all, unless he has first answered the interrogatories filed with the declarations.

The statute under consideration reads this way: "If the testimony of a party to the suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor; and if he fail to answer such interrogatories within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed."

This section is a part of chapter 46, entitled "Evidence," and is a valuable and helpful provision of law designed to aid litigants in obtaining facts in the possession of opposite parties. What is "a reasonable time" in the purview of the statute?

While the statute may be remedial in one sense, the penalty imposed upon the defaulting party is radical, and

we believe there should be a manifest violation of its terms before a court would be justified in inflicting the penalty.

It will be observed, "if he fail to answer within a reasonable time, his plea shall be dismissed, if he be plaintiff or complainant, and, if he be defendant, his plea or answer may be taken off the file, and judgment by default entered or the bill be taken as confessed."

It would seem from the language employed it was contemplated that the cause should be at issue before it could be said that the default had been made. In other words, as illustrated by the pleadings in the case, the declaration was clearly demurrable, and the defendant was not called upon to traverse the same. It is an unreasonable consumption of time for the defendant to insist that the complaint against him shall set out a state of facts which, if true, would entitle plaintiff to recover before he goes to the trouble and expense of answering impertinent questions? We think not.

In this case the defendant, by proper motion, supported by affidavit, invoked the benefit of section 940 of the Code before answering the interrogatories propounded to it.

Is it an unreasonable consumption of time for the defendant to demand that an insolvent plaintiff be required to give security for costs before it answers interrogatories affecting a cause which may never be tried, because of plaintiff's refusal to secure the costs in obedience to the orders of the trial court? We think this query must also be answered in the negative.

A remedial statute carrying a drastic penalty should not be applied, unless it has been clearly violated, and, taking the statute in its entirety, we think a party to a lawsuit is entitled to have the decks cleared for action before he is compelled to furnish ammunition to his enemy. There must be a real lawsuit, and not a tentative lawsuit. An issue must be properly tendered and

accepted, or the plaintiff must be in a position to demand an answer to his complaint—he must be intrenched himself before he can require his opponent to give information to be used against him.

The refusal of the court to strike the motion for costs from the files was correct.

We think the proper overruling of the motion to strike from the files the motion for costs renders it unnecessary to decide whether the court erred in sustaining the motion to require plaintiff to secure the costs, because the court also properly sustained the demurrer to plaintiff's declaration, and granted plaintiff sixty days in which to amend his declaration, and, plaintiff having failed to amend within the prescribed time, we cannot say that it was error for the court to refuse plaintiff's amendment tendered after the expiration of the time limit.

It follows, therefore, that the overruling of the motion to strike the motion for costs and enter a judgment by default ended the battle.

*Affirmed.*

SMITH, C. J. (dissenting).

I do not think that the fact that the cause was not at issue, that appellee had filed or intended to file a motion for security for costs, or that the declaration was demurrable, unless it was so defective as not to sustain a judgment by default, which was not the case here, has any bearing upon the matter here under consideration. In the absence of a more satisfactory explanation for the delay in answering the interrogatories, I think the motion for security for costs should have been stricken from the files, and judgment rendered for appellant.