HIBERNIA BANK & TRUST CO. *v.* BEECH.

[78 South 609, Division B.]

1. EJECTMENT. *Who entitled to dismiss.*

Where plaintiff after bringing suit in ejectment in good faith sold the land, it was entitled to dismiss its suit without

prejudice but will be taxed with the cost accruing up to that time.

2. DISCOVERY. *Failure to answer. Interogatories. Reasonable time.*

Under Code 1906, section 1938 (Hemingway's Code, section 1598), providing that an action by a foreign corporation shall be dismissed where it does not answer interogatories, within a reasonable time, it was intended to penalize such foreign corporation only where it has undoubtedly had time to answer such interogatories and has failed to do so, the term "reasonable time," being a flexible term.

3. SAME.

Under the facts as set out in its opinion in this case the court held that there was no unreasonable delay in answering the interogatories propounded.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit in ejectment by the Hibernia Bank & Trust Company against William Beech. From a decree denying plaintiff motion to dismiss without prejudice, and sustaining defendants' motion to dismiss because plaintiff had failed to answer interrogatories, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Salter & Hathorn,* for appellants.

In the outset we wish to say that if this were an ordinary dismissal and was such a one as to constitute a dismissal without prejudice, we would have nothing to complain of. However, the court in passing on the legal effect of a dismissal, under section 1938, Code 1906 (Hemingway's Code, section 1598), has expressly held that such a dismissal "is an adjudication of the merits, and bars a subsequent action. "See *Cedar Rapids National Bank* v. *Murray,* 98 Miss. 123, 53 So. 393. Both under the statute law of the state (sec. 802, Code 1906, sec. 590, Hemingway's Code), and under the common law, appellant was entitled to a nonsuit. The Code provides that appellant is entitled to a nonsuit

at any time before the jury actually retires to consider of its verdict, and this position is strongly upheld in the case of *G. & S. I. R. Co.* v. *Williams,* 109 Miss 549, 68 So. 776.

Under the common-law rule, as amended, *Schaffer* v. *Deeming Mfg. Co.,* 108 Miss. 257, 66 So. 736, plaintiff is entitled to a nonsuit at any time previous to the pronouncement of judgment by the court; the court holding in that case that "a request for peremptory instruction presents an issue of law to be tried by the judge without the intervention of a jury, and therefore, comes within the rule of common law, hereinbefore set forth, which prevents a nonsuit after the judge has pronounced his judgment."

Under the common-law rule appellant may nonsuit at any time before judgment, but as suggested by Chief Justice SMITH, in *Schaffer* v. *Deeming, supra,* the uncertainty as to what this rule at common law really is, probably brought about the enactment of section 802, Code 1906, which provides that a plaintiff cannot suffer nonsuit unless he do so before the jury retire to consider its verdict. So that we are still under the common-law rule, except that it is now fixed by statute that no nonsuit can be had after the jury retires.

In the case at bar appellant moved the court for a nonsuit, and this motion was before the court prior to the time when the court determined the issue against appellant.

When appellee moved the court to dismiss, this brought before the court an issue to be determined. The issue being whether or not appellant had failed to answer appellee's interrogatories within a reasonable time. If the court should determine the issue in favor of appellee's contention, the motion would be sustained and appellant's suit dismissed. If the court should determine the issue adverse to appellee's contention the motion would, of course, have been overruled. Before this issue had ever been determined by the court, appel-

lant asked for a nonsuit, and until the court should determine the issue appellant was entitled to its nonsuit. This case had not even been finally submitted to the court when nonsuit was asked for. 9 R. C. L., page 196, paragraph 9, in defining what constitutes final submission on trial by the court says: "When the case is tried by the court there is a final submission when the cause has been argued and the court has found the facts and stated its conclusions of law, or when a decision has been agreed upon."

And in its treatise on nonsuit, same volume and page, R. C. L. says that until final submission to the court, plaintiff is entitled to nonsuit as a matter of right. In the instant case no testimony had been taken on the motion to dismiss, nor had it been argued, nor even submitted to the court, but both the motion to dismiss and the motion to nonsuit, as shown by the judgment appealed from, R., page 9 "were heard and considered simultaneously by the court."

"The granting of a nonsuit was a matter addressed to the discretion of the trial judge." But in passing on suggestion of error in the same case, 108 Miss. 429, 69 So. 215, the court withdrew the above expression and stated the law in this state to be that "plaintiff, as a matter of right, may suffer a voluntary nonsuit at any time before the jury retire to consider their verdict, and the trial court has no discretion in the premises."

This same view was re-affirmed in the case of *Edwards* v. *Y. & M. V. R. R.*, 73 So. 789. The same rule applies where a cause is submitted to the court to be tried, and until the court announces its finding, appellant has a right to suffer a voluntary nonsuit. See *Van Watenen* v. *Chladlek*, Ann. Cas. 1913D, note on page 527, and R. C. L., *supra*.

On a trial of this case on its merits when it should appear that plaintiff had parted with title, the most that plaintiff would have suffered, under section 1841,

Code 1906, Hemingway's Code, sec. 1474, would have been a nonsuit.

We respectfully submit that the judgment of the lower court should be reversed and judgment should be entered here for appellant, sustaining its motion, for a nonsuit.

*J. J. Massey* and *Tally & Mayson,* for appellee.

It will be observed by section 1938 of the Code (Hemingway's Code, sec. 598), prescribes the only rule by which a party to a suit can obtain any testimony or information out of his adversary, when such adversary is a nonresident of the state. Foreign corporations are permitted to do business in the state only on such terms and conditions as the laws of the state prescribe. When the appellant in this case refused to answer the interrogatories propounded to it, which the appellee had a right to propound, it was then in contempt of court and before it could be heard on any motion, it was necessary that it purge itself of the contempt.

"One in contempt may be denied favors and the privilege of presenting a defense, filing pleadings or motions or taking any other steps in a cause. His pleading may be stricken from the files." 9 Cyc., p. 551. "A party in contempt can neither file a pleading nor make a motion to dismiss until discharged from such contempt by order of court." *Gant* v. *Gant* (Tenn.), 53 A. D. 736.

When the interrogatories in question were filed and a copy given the attorneys of the appellant then it was under as great an obligation to answer the same as it would have been to produce any document or to conform to any other rule of the court during the progress of the trial of the case. The appellant in this case would not be entitled to the consideration that a resident party would be. The section in question pro-

vides the only rule, by which obedience to its mandate can be enforced. Not so with a resident party. Such party could be fined if an individual, or if a corporation, its property distrained to enforce obedience to the court's order. To permit, under that state of the case, the appellant to treat with contempt process of the court, for the interrogatories propounded was a process of the court, would be violative of the public policy of the state.

A noncompliance with section 935, Code of 1906, Hemingway's Code, 4111, requiring a foreign corporation to file its charter of incorporation with the secretary of state will preclude it from enforcing, in courts of this state, the collection of a note given to it by a citizen of this state for a debt. *Quartette Music Company* v. *Haywood,* 108 Miss. 67,—So. 211.

We respectfully submit that while the statute with reference to taking nonsuits is extremely liberal, still it was never in the legislative contemplation that a foreign corporation could harass one of the citizens and taxpayers of the state; undertake to deprive him of his little home by numerous and repeated lawsuits, which it knew it could not maintain and to take a nonsuit for the express purpose of harassing him again. We earnestly contend that the appellee had a right to insist that these answers to the interrogatories should be in before the bank in this case could override and set at naught this motion, put itself and himself out of court and later on bring another suit (third suit) against him for the same property. There should be at least some limitation on the number of nonsuits that a party litigant would have a right to take without reference to any other considerations. The statute, it will be seen, says nonsuit, but does not say nonsuits. Code 1906, sec. 802, Hemingway's Code, sec. 590.

The cases of *Gulf, etc., R. Co.* v. *Williams,* 109 Miss.
549, 68 So. 776, and *Edwards* v. *Y. & M. V. R. R. Co.,*
112 Miss. 791, 73 So. 789, can be easily differentiated
from the case at bar. In these cases, the party seeking
the aid of the court to take a nonsuit, were not in con-
tempt. In the instant case the appellant was in con-
tempt. A failure to comply with the statute, by the
party in default, entitles his adversary, if it is a pro-
ceeding in equity, to a *pro confesso* and if at law, to a
judgment by default. The decree or the judgment as
the case might be would be final. The *pro confesso*
could only be set aside on good cause shown. The of-
fending party could not, after the *pro confesso* was en-
tered on a cross bill, dismiss his bill without prejudice
and for the same reason the plaintiff at law could not
nonsuit. Sec. 802, Code of 1906, applies to courts of
equity and law alike. It is said in the case of *Adams,*
*State Revenue Agent,* v. *Lucedale Commercial Company,*
113 Miss. 608, So. 435, that ordinarily a complainant in
equity has a right to dismiss or discontinue his bill
without prejudice and that sec. 802 of the Code of 1906
is not restricted to any particular court and that the
only limitations of the rule is applied in cases wherein
the defendant has secured some right by the filing of the
bill which would be destroyed by the dismissal of the
bill and in that event it is not a matter of discretion
with the chancellor, but a matter of right of the de-
fendant, which he could assert, an examination of the
record in this case will show that the motion to dismiss
the action and for a judgment, antedate the appellant's
motion for a nonsuit for several days. The appellants
then had a vested right to have his title to the land as
against the appellee in this case placed beyond any
assault that the appellant could make against it or
in other words that his right to an adjudication as
against the appellant had already ripened and it could
not be destroyed by the appellant's undertaking to
dispossess him of his right thereto by a dismissal of

its suit; and especially for it to do so would have been an invasion of the appellee's right and a contempt of court, besides, we respectfully submit that the action of the lower court was correct and ought to be affirmed.

Cook, P. J., delivered the opinion of the court.

The appellant, a foreign corporation, instituted an action in ejectment against the appellee, returnable to the November term, 1917, of the circuit court of Lamar county, which term began November 26th. Appellee filed his plea fifteen days before the beginning of the term, and filed therewith certain interrogatories to be answered by the appellant, under section 1938, Code of 1906 (section 1598. Hemingway's Code). Two days before the court convened appellant sold the land described in the declaration, and thereupon filed a motion asking leave to dismiss its suit, without prejudice, for the reason that it no longer owned the land in controversy. The defendant also filed a motion to dismiss plaintiff's action because it had failed to answer the interrogatories within a reasonable time. The court, after a consideration of both motions, sustained the motion of appellee; hence this appeal. The effect of this decree is to adjudicate the merits in favor of appellee, and adjudicate that the appellant had no title to the land in controversy.

It appears that the appellant had, in fact, parted with whatever title it had to the land, and this being true, it was not only proper but the duty of the appellant to dismiss its suit—suffer a nonsuit. Again, it does not appear that appellant was in default in the circumstances. There was no unreasonable delay in responding to the interrogatories filed by appellee.

It seems to us that appellant has not been brought within the drastic provisions of the statute. This statute does not work automatically to defeat justice, but was

intended to penalize one who has undoubtedly had time to comply with its requirements. *McLean* v. *Letchford,* 60 Miss. 169.

So far as the rights of the defendant are concerned, its controversy with the plaintiff was at an end when appellant sold the land, and appellant will, of course, be taxed with the costs incurred previous to the nonsuit.

There is nothing in the record to suggest bad faith on the part of appellant. "Within a reasonable time" is a flexible term. Under a certain state of circumstances it may be unreasonable to delay answering the interrogatories beyond a certain time, but under the facts of this case it cannot be said that there was unreasonable delay.

The lower court will be reversed, and decree here for appellant. We think, however, that appellant should be taxed with all costs accruing in the lower court to the time appellant asked for a nonsuit.

*Reversed, and decree here.*