MERCHANTS' GROCERY COMPANY. *v.* MERCHANTS' TRUST & BANKING CO.

[80 South. 494, Division A.]

1. DISCOVERY. *Interrogatories. Penalties for failure to answer.*
   The severe penalty provided by section 1938 of the Code of 1906 (Hemingway's Code, section 1598), authorizing dismissal

of defendant's plea if he fails to answer the interrogatories within a reasonable time, should not be inflicted unless the requirements of the statute have been strictly complied with by the party invoking it, and the alleged default of the party against whom it is invoked clearly appears.

2. DISCOVERY. *Interrogatories. Service. Sufficiency.*

Since section 3941 of the Code of 1906 (Hemingway's Code, section 2948), requires that "all notices provided by law appertaining to action, suits, or proceedings of any kind in any court shall be served and returned by the sheriff or any constable of the county or marshal of any city, town or village therein in which such notices are to be served," the service of interrogatories on the attorney of a non-resident defendant by the stenographer of the counsel for complainant is ineffective, and of itself, imposes no duty on the defendant to answer.

3. DISCOVERY. *Interrogatories. Service. Waiver.*

Formal service of interrogatories on counsel for non-resident defendants may be waived, but such service is not waived by implication where such counsel did not understand for what purpose the interrogatories served by a private person were intended, nor that no further notice thereof would be given.

APPEAL from the chancery court of Forrest county. HON. WILL DENNY, JR., Chancellor.

Suit by the Merchants' Grocery Company against the Merchants' Trust & Banking Company. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Teat & Teat* and *Tally & Mayson,* for appellant.

The appellee here stands in the remarkable position of having refused to answer the questions propounded for the discovery in the court below, and thereby secured a decree in its behalf by virtue of said wrongful act and conduct. It now stands before this court and arrogantly asserts that it should escape a reversal here for the same good reason.

So far as we are able to detect from the appellee's brief, its chief and only claim for affirmance in this court is that it inadvertently failed to answer the questions for discovery in the court below, and thereby deprived the complainant, appellant here, of the evidence which would have sustained the allegations in this bill; and that by said wrongful refusal or negligent inadvertence in so answering said questions, it unjustly and inequitably secured an advantage in the court below and' thereby unjustly obtained a decree which it is entitled to have affirmed by this court.

This position is utterly condemned in the case of *Givings* v. *Southern Express Co.,* 106 Miss. 834, cited by the appellee in this case. The Givings case is one where the declaration was filed and the questions propounded under section 1938. The defendant filed a motion for security of costs and demurred to the declaration. The plaintiff then moved the court to strike from the files the defendant's motion for security of the costs, because of failure of the defendant to answer the interrogatories. Judge Cook, writing the opinion for the majority of the court, held that a defendant, before being required to furnish ammunition for this adversary, must be furnished with a properly stated cause of action on the part of the plaintiff, backed up by the compliance with the rule for the security of cost. While we make no complaint of the majority decision, as applied to the facts in this case, still Chief Justice Smith dissented on the ground that the defendant could not refuse to answer the interrogatories in the absence of a more satisfactory explanation.

The facts in the instant case make it much stronger for the appellant from either the view of Judge Cook or Judge Smith, in the Givings case. Here the appellant attempts to ''explain'' on the ground of inadvertence of counsel, which constitutes no satisfactory explanation, if

the view of Chief Justice SMITH should obtain in this case; and there was no demurrer filed by the defendant or any question raised as to security of cost or any other legal sufficiency of the complainant's demand in the court below. So the Givings case is not only not authority for the appellee, but is a very strong authority for the appellant.

The case of *Hibernia Bank & Trust Company* v. *Beach,* 78 So. 609, referred to by counsel for appellee was one where the declaration was filed and the defendant appeared by plea and filed therewith certain interrogatories to be answered by the plaintiff under section 1938. Before this case stood for trial, the plaintiff sold out its interest in the controversy and made a motion to take a nonsuit. The defendant made its motion to dismiss the plaintiff's action, because it had failed to answer the interrogatories. The supreme court very properly permitted the plaintiff to take a nonsuit instead of granting defendant's motion to dismiss with prejudice. That case is likewise by no means authority for the appellee, but it is by implication, authority for the appellant.

An examination of the cases on the subject shows beyond peradventure that the person who attempts to ignore the answering of the interrogatories cannot take advantage of such wrong to his adversary and profit thereby. That while the court will not permit the party invoking the benefits of this statute to take a technical advantage of his adversary, because he has not answered the interrogatories, still it will, by no means permit the party to whom the interrogatories have been propounded, to blandly ignore them and procure a decree in its favor thereby. We believe that this is the true conception of the rule, and that this court will not affirm a decree of the court below in favor of the appellee, procured by it, directly and precisely because of its

negligent refusal to answer the interrogatories. To do this would be to place a premium upon the acts of a party in negligently or "inadvertently" omitting to answer the interrogatories. This we do not believe our supreme court would, for an instant, do.

However, we must respectfully submit that such would be the immediate effect, should the decision of the lower court herein be affirmed. We therefore most respectfully submit that this case must be reversed and a decree here entered in accordance with the principles of justice and equity.

*Stevens & Cook,* for appellee.

If it had been the intention of the law makers to allow the chancellor no discretion in the matter, "shall," instead of "may," would have been written in the statute. It would certainly be an outrageous situation if the chancellor could not hear any valid reasons given by the apparent delinquent for its failure to answer the interrogatories, and could only determine from the fact whether or not sufficient time had elapsed for the taking of the depositions after the filing of the interrogatories. In the instant case it is made to appear that the answers were not given simply because appellee did not understand that it was expected to give the answers, and the failure to answer the interrogatories is thus made plain. Had appellee willfully failed to answer the interrogatories, and this had been made to appear in the record, and it was shown that the chancellor had manifestly abused the discretion, another case would be made by the record. The appellee was under duty to answer the interrogatories within a reasonable time after it understood that it was to answer them, and having offered to do all this, it did all that the statute required. This is manifest from the case of *Hibernia Bank & Trust Co.*

v. *Teet,* reported in 117 Miss. 676, and 78 So. 609, and decided by Division B of the court on May 20th of this year.

It is to be noted in this connection that there was no formal service of the copy of the interrogatories upon counsel for appellee, but that the stenographer of appellant, in an informal way, simply delivered a copy of the interrogatories to counsel for appellee.

But before discussing this phase of the case, we desire to refer to the case of *Givens* v. *Southern Express Co.,* 106 Miss. 834, 64 So. 737, and to quote from the opinion in that case at the bottom of page 841 of the official report, where Justice COOK, delivering the opinion, said: "While the statute may be remedial in one sense, the penalty imposed upon the defaulting party is radical, and we believe there should be a manifest violation of its terms before a court would be justified in inflicting the penalty."

We are frank to state that had we known what the proceeding was intended for, we would have gone ahead and answered the interrogatories just as though they had been served in the most formal way, and we do not mean to convey the idea that we would have taken advantage of the informality of the service. However, since the effort is made by appellant to put appellee in the hole in the matter on a pure technicality, we desire to bring the court's attention to the statute requiring that the interrogatories be served by an officer. This statute required that the interrogatories in question here be served by the officers, or some one of them, designated in the statute. The proceeding laid down by section 1938 is purely statutory and the statute must be literally followed in order for one invoking its radical penalties to avail themselves of it, and appellant, having failed to have an officer serve the interrogatories, as provided by the section just quoted, are not

in position to take advantage of the penalty prescribed by section 1938. Furthermore, section 1938 not only requires that a copy of the interrogatories be given appellee or appellee's attorney or solicitor, but also required that notice of the filing of the interrogatories in the clerk's office should likewise be given. In other words, the statute required as much notice of the filing of the interrogatories in the clerk's office be given as it required that a copy of the interrogatories be served upon the party or his attorney or solicitor. The record shows that interrogatories were only delivered to the solicitors of appellee by stenographer of opposing counsel, and it nowhere appears that notice of the filing of the interrogatories in the clerk's office was given. We therefore, respectfully submit that counsel for appellant did not comply with section 1938 so as to put appellee unler even the technical duty of answering the interrogatories propounded to it. We therefore submit that the lower court committed no error in overruling the motion of appellant to strike the answer of appellee from the file.

SMITH, C. J., delivered the opinion of the court.

This is an attachment in chancery in which there was a decree in the court below for the defendant. The appellant was the complainant and the appellee was the defendant in the court below, and they will be hereinafter so designated. Counsel for the complainant assigns several reasons for a reversal of the decree appealed from, all of which are without merit, and only one of which will be specially noticed here.

When the cause came on for trial, the complainant moved the court to strike the answer of the defendant from the files, and to render a decree *pro confesso* against it under section 1938, Code of 1906, section 1598, Hemingway's Code, setting forth that interrogatories

addressed to the defendant, a nonresident corporation, and filed in the cause, had not been answered, although a reasonable time so to do had elapsed. To the copy of the interrogatories referred to was attached a certificate in the following words:

"I hereby certify that on this day I delivered to Mr. W. F. Cook, of the firm of Stevens & Cook, solicitors for the defendant, a true, correct and complete copy of the foregoing interrogatories numbered from 1 to 16 inclusive.

"This the 25th day of June 1917.

"[Signed] Emma Broach,

"Stenographer for Counsel for Complainant."

When the motion was being argued for the defendant by its counsel, the W. F. Cook referred to in the certificate of the complainant's counsel's stenographer attached to the interrogatories, stated:

"That he received a copy of the interrogatories, which were handed him by the stenographer for counsel for complainant; that at said time he thought that same were being given him for the purpose of taking depositions under the usual way; and that he expected a commission to issue in due course for the taking of said depositions; and that therefore he paid no more attention to it"—which statement was placed on the record by counsel for complainant.

The motion was overruled.

The severe penalty provided by section 1938, Code of 1906, section 1598, Hemingway's Code, should not be inflicted, unless the requirements of the statute have been strictly complied with the party invoking it and the alleged default of the party against whom it is invoked clearly appears. *McLean* v. *Letchford,* 60 Miss. 169; *Givens* v. *Southern Express Co.,* 106 Miss. 834, 64 So. 737; *Hibernia Bank & Trust Co.* v. *Beech,* 117 Miss. 668, 78 So. 609.

The requirement of section 3941, Code of 1906, section 2948, Hemingway's Code, that "all notice provided for by law appertaining to actions, suits, or proceedings of any kind in any court shall be served and returned by the sheriff or any constable of the county, or the marshal of any city, town, or village therein in which such notices are to be served," applies, of course, to the notice required by the statute here in question to be given to the party against whom it is invoked or to his attorney, so that the notice here given the defendant's attorney by the complainant's counsel's stenographer was not a compliance therewith and of itself alone imposed no duty upon the defendant to answer the interrogatories.

Formal service of the notice may be waived; but there is no pretense that it was expressly waived here, and we cannot hold that there was a waiver by implication, for at least one fact which must appear in order to justify such a holding is absent, that is, that when the copy of the interrogatories was given to the defendant's attorney he understood for what purpose they were intended, and that no further notice thereof would be given.

*Affirmed.*