UNIVERSAL LIFE INS. CO. *v.* KELLER *et al.*

(In Banc.   May 8, 1944.   Suggestion of Error Overruled June 12, 1944.)

[17 So. (2d) 797.   No. 35595.]

(1)

**Jones & Ray** and **W. L. Mhoon,** all of Jackson, for appellant.

**J. B. Stirling**, of Jackson, for appellees.

**Griffith, J.,** delivered the opinion of the Court.

The bill in this case is a bill of discovery, and while considerable labor is necessary to parse out its allegations, owing to the failure of the pleader to follow a plain and analytically arranged course of averment, it contains allegations, nevertheless, sufficient to show that the matters about which discovery is prayed are relevant and material; that the specific and definite information about the facts of which discovery is prayed is within the exclusive possession of appellant; that requests have been made of appellant for the information which have been refused; that without the discovery complainants are not

reasonably able to set forth the allegations in respect to their cause of action in more specific terms; but they do aver facts, when the exhibits are read as a part of the bill, sufficient to show that they have a cause of suit against appellant for some amount, more than nominal, and the nature of the grounds therefor.

Appellant did not challenge the bill by a general demurrer of no cause of action, the bill not being open to a general demurrer; but appellant filed a motion for a bill of particulars specifying nine different particulars as to which more definite averments in the bill were demanded. This motion if sustained would have required complainants to aver in their bill the specific factual details, which the bill on its face shows the complainants could not reasonably supply without the aid of the discovery sought. The motion having been overruled and properly so, appellant thereupon filed nine special demurrers setting forth separately the same grounds substantially as mentioned in the motion for a bill of particulars. In brief, the motion for a bill of particulars was transformed into nine special demurrers. The demurrers were overruled and an interlocutory appeal was allowed "in order to avoid expense and delay as well as to settle the controlling principles of the cause."

When a bill is sufficient as a bill of discovery, as this bill is, it is not competent to challenge it by a motion for a bill of particulars by special demurrers on grounds that, as to matters about which discovery is sought and is due, the bill does not allege in that detail and precision of averment required when the complainant is in possession of the facts which will enable him so to allege. The purpose of a bill of discovery is to obtain the specific information and to permit such a challenge would contravene or circumvent the reasons for which bills of discovery are allowed and have been throughout the long history of chancery—as a practical matter it would be to eliminate bills of discovery from our roster of remedies.

From what has been said it is at once apparent that the questions presented by the special demurrers raise issues belonging to the procedural or adjective or remedial side of the law and we have several times held that an interlocutory appeal will not lie from rulings on procedural or adjective matters. Stirling v. Whitney Nat. Bank, 170 Miss. 674, 683, 150 So. 654; Breland v. Lemastus, 183 Miss. 150, 183 So. 500; Lott v. Windham, 191 Miss. 849, 4 So. (2d) 342. Such rulings do not settle all the controlling principles in the case.

Nor are such appeals on procedural questions saved on the assertion that they avoid expense and delay. If such a bill stated no cause of suit, and in that respect is unamendable an interlocutory appeal on a general demurrer might save expense, but such is not the case here; and as to avoiding delay the appeal has caused delay, one reason pertinent to his case, being that it has intercepted answer and in consequence has delayed complainants of their avail of Section 1551, Code 1930, Section 1712, Code 1942, which cannot be used until issue has been joined. Givens v. Southern Exp. Co., 106 Miss. 834, 64 So. 737.

Appeal dismissed.

### DISSENTING OPINION.

**Smith, C. J.,** delivered the dissenting opinion.

This appeal should not be dismissed, but the several questions raised by the appellant's demurrers to the bill of complaint should be decided. If, however, the appeal is to be dismissed the court should not decide, as it has, that the bill sets forth a case for a discovery, but if that question is to be decided, I am of the opinion that it does not so set forth.

**McGehee, J.,** joins in the position taken in the first sentence of the dissent of the Chief Justice.