NASH *v.* WINTER, STATE TAX COLLECTOR

No. 41009          February 23, 1959          109 So. 2d 336

*McLendon & McLendon,* Jackson, for appellant.

*Pyles* and *Tucker,* Jackson, for appellee.

*Watkins & Eager,* Jackson, Amicus Curiae.

ETHRIDGE, J.

Appellee, William Winter, State Tax Collector, brought this suit in the Chancery Court, First Judicial District of Hinds County, against J. G. Nash, doing business as Nash Finance Company, Ltd., appellant. It was for the purpose of collecting the local privilege taxes imposed upon one doing a money lending business where a greater rate of interest than 15 per cent per annum is charged, Miss. Code 1942, Sec. 9696-135; and upon one operating an industrial loan business, Code Sec. 9696-134; and the state privilege tax upon one doing a money lending business charging interest of more than 20 per cent per annum, Code Sec. 5586.

Nash filed a general demurrer to the bill, asserting it showed on its face that the assessments alleged therein were void and created no liability on defendant. The demurrer thus raised the issue of whether, in a suit for collection of these stated privilege taxes, the tax collector is obligated to first render an assessment against taxpayer for the taxes, prior to filing a suit for their collection. The chancery court overruled the demurrer, but allowed Nash an interlocutory appeal under Code Sec. 1148.

This statute permits interlocutory appeals "in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay." This appeal will accomplish neither of these purposes. Only one of the numerous issues which are involved would be settled by this interlocutory appeal, namely, whether the tax collector must first make formal assessments of these particular privilege taxes. On the merits the case will necessarily involve issues, among others, of whether appellant is a money lender or broker, and whether in the numerous instances set forth in the bill he has charged interest in excess of 15 and 20 per cent per annum. The appeal would settle none of the issues on the merits.

If appellant should be successful as to the question on demurrer, it would decide the present case as to him; but if appellant were unsuccessful, it would decide none of the principal issues raised by appellee, or which might be raised in appellant's answer when filed. So it is apparent that this appeal is one taken in the teeth of the statute and contrary to its restrictions. In Liberty Trust Co. v. Planters Bank, 155 Miss. 721, 124 So. 341 (1929), the Court analyzed at length the history and purpose of Sec. 1148, and condemned the practice of piece-meal appeals. Although appellee raises the issue here, it was there said that the Court would notice of its own motion an improper interlocutory appeal.

Stirling v. Whitney National Bank, 170 Miss. 674, 682, 150 So. 654 (1933), said: "Our present revised statute means exactly what it says, that such an appeal does not lie to settle some of even most of the controlling principles, but must be effective to settle all the controlling principles of the case, and in such an adequate manner as to furnish a definite guide throughout the case, so far as the merits thereof are concerned." See also Ward v. Whitfield, 64 Miss. 754, 2 So. 493 (1887); Universal Life Insurance Co. v. Keller, 197 Miss. 1, 17 So. 2d 797 (1944); Griffith, Mississippi Chancery Practice (2d ed., 1950), Secs. 680-684.

██ This appeal was improperly and improvidently allowed and must be dismissed. Nor does it save either expense or delay. On the contrary, it has added to and produced both expense and delay. ██ Judge Griffith, in his cited book, at Sec. 681, summarizes the basic test: "An appeal to settle the principles of the case should not be allowed if there remain undetermined other important principles bound up with the case. It should be only when the whole case can as to its controlling principles be settled by the appeal from an interlocutory decree that such an appeal should be allowed for the settlement of principles."

Appeal dismissed.

*Roberds, P. J.,* and *Hall, Holmes,* and *Gillespie, JJ.,* concur.