DEVINEY CONSTRUCTION COMPANY, et al. *v.*
MISSISSIPPI POWER & LIGHT CO.

No. 42651          April 22, 1963          151 So. 2d 904

*Daniel, Coker & Horton, Melvin B. Bishop,* Jackson, for appellants.

*Wise, Smith & Carter, Green, Green & Cheney, Bethel Ferguson,* Jackson, for appellee.

LEE, P. J.

Mississippi Power & Light Company, as indemnitee, filed its bill of complaint against Deviney Construction Company, as indemnitor, and Liberty Mutual Insurance Company, its insurer, in which it set up, in substance, the following facts:

Mississippi Power & Light Company, the owner of an extensive electrical generating and distribution system, on November 30, 1959, entered into a contract with Deviney Construction Company, an experienced contractor in tree trimming around electric wires, as an independent contractor for compensation, to trim trees on its right-of-way, under which contract, complete and perfect indemnification would be vouchsafed to the Power Company; "But if by mischance, without fault upon the part of either Complainant or said Deviney, said contract did not thus indemnify Complainant as to all that occurred in manner and form as it did occur when said Coles was electrocuted upon January 12, 1960 in manner and form as he was electrocuted, then therein said contract did not express the well-understood mutual intention of the parties thereto and should herein be reformed so as to make effective that which was mutually intended."

It was further alleged that, in conformity to the terms of the contract, Deviney was to furnish to the Power Company, before the commencement of work, contracts or policies of insurance certified to be in force and not cancelable except upon five days written notice, to

effectuate fully this indemnification. A copy of the contract was attached as an exhibit.

It was further alleged that Deviney, prior to the commencement of the work, furnished to the Power Company, in accordance with the work contract, policies of Liberty Mutual Insurance Company fully covering complainant's indemnity. Copies of those policies were attached as exhibits.

The bill further alleged that, on January 12, 1960, while Deviney was engaged in trimming trees in its work for the Power Company in the City of Indianola, one of its employees, Harry Coles, was electrocuted; that thereafter, the heirs-at-law of the decedent sued the Power Company in the Circuit Court of Bolivar County, Mississippi, to recover $158,200.80, charging the Power Company with negligence in connection with such death. A copy of the declaration was attached as an exhibit, but the allegation that the Power Company was guilty of negligence was denied by it and said to be untrue.

It was further alleged that the Power Company called upon both Deviney and its insurer, Liberty Mutual, to make defense to this lawsuit; that both of the defendants refused, Liberty Mutual saying that it was not liable because of the "active" negligence of the Power Company; that no course was left open to the Power Company but to defend the cause itself; that it employed outstanding lawyers, who investigated the matter in great detail and filed pleadings in the cause; that the plaintiffs in that suit finally submitted a compromise proposal of $8,000 to settle the same; that complainant's counsel, while believing that the suit was baseless insofar as the complainant was concerned, nevertheless were of the opinion that there was peril in it, and, if left to a jury, the verdict might be extremely large; and that, under all of the circumstances, it was their judgment and advice that the case should be settled

on that basis as a doubtful claim; that this offer was submitted to the defendants, but that they took no action whatever; that, acting upon the judgment and advice of counsel, complainant settled the cause and the same was approved by the chancery court, and a judgment for the defendant was entered in the circuit court. Copies of these proceedings were made exhibits.

The bill further alleged that, in addition to the amount actually paid to the claimants, it was necessary to employ attorneys and pay them, together with the cost of investigation and trial, and for all of these expenses, necessarily incurred, it demanded judgment.

The prayer of the bill was for reimbursement of the complainant for the amount necessarily expended in extinguishment of the liability arising in that instance; and, alternatively, if there should be doubt, in any way, under the contracts of employment and insurance as to complete and perfect indemnification thereunder to the complainant, then that such contracts be reformed so as to carry out the mutual intentions of the parties to that end. There was also a prayer for general relief.

The defendants filed separate demurrers setting up the same grounds in each instance, namely that "There is no equity on the face of the bill" and "The bill of complaint fails to state a cause of action as to this defendant."

Upon a hearing of the matter, the court overruled the demurrers; but, on motion of counsel for the defendants, the court granted an appeal to this Court to settle the principles of the case.

The appellants have filed elaborate briefs, which deal largely with the proposition that the contract of insurance and indemnity did not comprehend protection for the Power Company's negligence; that, under the allegations of the suit in the circuit court, the appellants were not required to defend; and that, under the express

terms of the insurance contract, it would not be subject to reformation.

The appellee joins issue on all of these questions in its elaborate briefs, as well as pointing out other reasons to show the correctness of the trial court's action.

Simply stated, the issue is whether or not the court erred in overruling the demurrers.

(Hn 1) It is elementary that a demurrer admits all material facts well pleaded in the bill. While this principle needs no citation of authority, Doubting Thomases should consult Griffith's Mississippi Chancery Practice, Sec. 288, p. 271, and the many cases there cited.

(Hn 2) Consequently, (1) if the allegations of the bill, together with the reasonable inferences therefrom, make out a case for indemnity, the demurrers were properly overruled; or (2), if such allegations of the bill and inferences show that it was the purpose and intention of the parties to afford complete and perfect indemnification to the complainant under the contracts of employment and insurance in question, but, for some reason, the contracts do not carry out the purpose and intention of the parties, the demurrers were properly overruled. Besides (3), while the refusal of the appellants to defend was based on the "active" negligence of the complainants, that defense, if asserted, is an affirmative one and cannot be taken advantage of by demurrer. The Court is not saying that other sufficient grounds, justifying the trial court's action, do not exist.

(Hn 3) From a consideration of all of the allegations of the bill of complaint, together with the exhibits attached thereto, the Court is of the opinion that there were ample grounds upon which to overrule the demurrers and to warrant a trial of this cause on the merits.

Secs. 680, 681, 682, pp. 753-4-5, Griffith's Miss. Chancery Practice, deal with interlocutory appeals, relate to former experiences of this Court with them, point out the intolerable details and abuses resulting there-

from, and show how, because of the allowance of useless and improvident ones, they are generally not favored.

(Hn 4) For the reasons stated, this appeal should not have been granted. It has settled nothing and could not have settled all of the governing principles of the case. See Nash v. Winter, State Tax Collector, 235 Miss. 330, 109 So. 2d 336. It was improvidently granted, and must be dismissed.

Appeal dismissed.

*Arrington, McElroy, Rodgers and Jones, JJ.,* concur.