PATTERSON, Justice.
This appeal arises from a decree of the Chancery Court of Carroll County which overruled a motion of the appellant to set aside an order of dismissal of the suit and to reinstate the same for a trial on the merits.
The bill of complaint was dismissed on appellee’s motion because the complainant had failed to answer interrogatories propounded by the defendant within thirty days after service thereof as provided by Mississippi Code 1942 Annotated section 1712 (1956). Appellant contends that he was not required to answer the interrogatories since he had not been served with notice of their filing by a sheriff or other legal officer as *828 required by Mississippi Code 1942 Annotated section 1876 (1956).
The issue before the Court is whether Section 1712 (concerning interrogatories) contemplates notice of filing provided by Section 1876 which is as follows :
All notices provided for by law appertaining to actions, suits, or proceedings of any kind in any court shall be served and returned by the sheriff or any constable of the county, or the marshal of any city, town, or village therein in which such notices are to be served, to whom such notices may be delivered for that purpose.
The failure to respond to interrogatories, either by a complainant or a defendant, is highly penal in that it requires a dismissal of the complaint or the striking of an answer. In the event the bill of complaint is dismissed, the dismissal is the equivalent of an adjudication of the issues involved or a judgment on the merits which precludes the parties from relitigating the same issues in another suit. Cedar Rapids National Bank v. Berry & Murray, 98 Miss. 123, 53 So. 393 (1910).
We are of the opinion that the issue before the Court is controlled by Merchants’ Grocery Co. v. Merchants’ Trust & Banking Co., 119 Miss. 99, 80 So. 494 (1919), wherein we held Section 3941, Mississippi Code 1906 (now Section 1876, Miss.Code 1942 Ann. 1956), to be applicable to the statute appertaining to interrogatories. Since the notice was not served by the sheriff or other legal officer, the dismissal of the bill of complaint was erroneous and the cause must be reversed and the bill of complaint reinstated.
Reversed and cause reinstated.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.