J. F. Ames et al. *v.* B. G. Williams et al.

Appeals. *Interlocutory decree. Dismissal of appeal.*

> An appeal from a decree of reference for the statement of a guardian's account will be dismissed by the supreme court, *ex mero motu*, when the errors assigned relate only to some of the directions given to the commissioner, any error resulting from which would be readily correctible on the coming in of his report. *Ward* v. *Whitfield*, 64 Miss., 754, cited.

From the chancery court of Noxubee county.

Hon. T. B. Graham, Chancellor.

The opinion states the case. The appeal was dismissed by the court of its own motion, the question of its validity not being discussed in the briefs of counsel.

*Ames & Drake*, for the appellants.

*J. E. Rives*, for the appellee.

Argued orally by *J. W. Drake*, for the appellants.

Cooper, C. J., delivered the opinion of the court.

In *Ward* v. *Whitfield*, 64 Miss., 754, we decided that appeals from interlocutory decrees should not be granted unless the principles controlling the cause could be thereby settled, or where costs and delay could be avoided; and we then declared that this court would, *ex mero motu*, dismiss appeals improvidently granted by chancellors. This appeal falls within the class of appeals therein condemned. The errors assigned relate only to a few of the many instructions given by the chancellor to the commissioner as to how the account against the deceased guardian should be stated, and they all refer to matters of mere

computation, as to which no testimony need be taken. If there was any error committed by the chancellor, it was of such character that, upon the coming in of the account, it would be readily correctible without causing any delay or accumulating additional costs. But the assignments of errors further discloses the fact that probably no harm would have resulted in any event to appellants, even if error be conceded to the rulings of the chancellor. If, as is suggested, the guardian exceeded the income of the ward, the fact that a part of that income consisted of compound interest, even if that interest should not have been charged, would result in discharging the guardian from liability therefor; for certainly, under our statute, no expenditure above the income could be allowed, and the commissioner is directed to allow all proper expenditure to an amount equal to the income, of whatever it is composed.

The appeal can settle no important principle. It neither saves delay nor costs, and has relation to a result which, in any view of the questions it presents, is of uncertain character. It was improvidently granted, and is         *Dismissed.*