C. M. McDONALD v. JOHN KAMPER.

[42 South. Rep., 877.]

1. MORTGAGES. *Debt. Consideration. Sale. Injunction. Equity.*

Where a part of a debt, for the payment of the whole of which a sale under a deed of trust is advertised, is without consideration, a bill to enjoin the sale averring such state of case is not demurrable on the ground of want of equity.

2. SAME. *Amount due. Tender.*

The absence of a tender of the amount admitted to be due by complainant does not aid a demurrer for want of equity in a bill to enjoin a sale under a trust deed to pay notes which are averred to be in part without consideration.

FROM the chancery court of Jones county.

HON. JAMES L. McCASKILL, Judge.

McDonald, the appellant, was complainant, and Kamper, the appellee, defendant in the court below. The demurrer of the defendant to complainant's bill was sustained and complainant appealed to the supreme court. The opinion sufficiently states the case.

*Mayes & Longstreet,* for appellant.

The facts stated in the bill show that as to $1,161 parcel of these notes, there was no consideration to McDonald. The Laurel National Bank, of which Kamper was president, desired to borrow $25,000 of the First National Bank of Meridian. For certain reasons which do not appear in the bill, the Laurel National Bank did not execute its own note for the sum so borrowed, but Kamper, McDonald and Pierce executed their individual notes, accommodation paper and obtained the money. This money, every dollar of it, was passed to the credit of the Laurel National Bank, and, as the bill expressly alleged, was used by that bank in and about its business, and was subse-

quently repaid by the bank, principal and interest, as the bank should have done. The debt was discharged by the bank for whose accommodation the paper was given, and discharged in full. Kamper, one of the signatories of the accommodation paper, and president of the borrowing bank, represented and stated to McDonald that he, Kamper, had refunded to his own bank the sum of $1,161, interest paid by the bank on the money so borrowed by it, because the borrowing bank had, under the law, no authority to pay interest on borrowed money, and then Kamper represented to McDonald that he, McDonald, was liable over to him for the money. which he had so refunded to his own bank; and McDonald, relying upon the fact that Kamper was an expert banker, took his word for it and executed notes secured by trust deed, in which notes were included this money, being $1,161 interest on a fund which Kamper, as president, had handled for the benefit of his bank, and on which McDonald had never received one cent.

The notes are not in the hands of a *bona fide* purchaser, and the contract remains executory. McDonald is not in the attitude where he is seeking to recover money voluntarily paid by him. As stated, the contract is still executory, and Kamper, through his substituted trustee, is seeking now to enforce against McDonald, by a sale of his lands, the notes so improvidently executed by him without consideration.

That injunction is a proper remedy in a case where the trustee is proceeding to sell lands for a sum greater than that which is really due, is settled law in this state. *Carey* v. *Fulmer*, 74 Miss., 729.

The real contention of the appellee is the proposition that the bill is defective and demurrable, because the complainant did not tender him the five hundred and odd dollars he admitted to owe. To this proposition there are two answers:

First.—The defendant below (appellee here) assigns no such ground in his demurrer. He did not demur in the

court below to the bill, because no tender was made; and not having so demurred in the court below, where the bill was amendable, he cannot here, and in this court, for the first time raise that question.

It is not true, as is alleged in the brief of appellee, that complainant below did not comply with the rule which requires him to do equity when he appeals to an equity court for protection.

The bill itself admits the owing of the sum of $504, with six per cent interest thereon from the date of the notes and trust deed, and alleges that "this sum complainant is willing and ready to pay in full settlement of the said notes and trust deeds securing the same when due."

*Stone Devours,* and *Miller & Baskin,* for appellee.

There was no equity on the face of the bill. An examination of this bill will show its allegations to be vague, indefinite and uncertain. The attempt to plead the want of consideration, as shown in said bill, is expressly condemned by this court in the case of *Tittle* v. *Bonner,* 53 Miss., 584. The main ground of the demurrer is the same as the one that was invoked in the case of *Mortgage Co.* v. *Jefferson,* 69 Miss., 778. In other words, there can be no equitable relief granted to the appellant in this cause when he refuses and fails to do equity. The appellant refuses to set out how he was induced to sign the note, so that the court may be advised by his pleadings of the cause of complaint, and he also refuses to set out why the debt is without any consideration or a part of the debt which he undertakes to avoid payment of, and he further undertakes to enjoin the collection of a just debt, the certainty of which cannot be questioned. A mere computation would show that according to the appellee the appellant owed $504, with interest at the rate of six per cent per annum from the 19th day of July, 1904, and there is no tender on the part of the complainant to pay what he owes. There is no uncertainty about the amount that he owed the appellee when he filed his bill to enjoin

the foreclosure of the mortgage. In this event the appellant should have tendered to the defendant the $504, with six per cent interest thereon, and if the tender was refused by the appellee, the appellant should have brought the money into court or offered to do so by his bill. *Non constat,* but if this had been done the appellee would have accepted the offer and no resort to the court would have been necessary. He refused to offer to do equity by making such a tender, and with the bill full of slazy allegations undertakes to obstruct appellee in the collection of his debt. *Mortgage Co.* v. *Jefferson,* 69 Miss., 778.

CALHOON, J., delivered the opinion of the court.

The bill sufficiently shows on its face that the three notes secured by the trust deed, aggregating $1,665, were without consideration for the excess over $504, which sum it admits to be due. Facts are averred from which the court can see this equity, and so *Tittle* v. *Bonner,* 53 Miss., 584, has no application.

The bill was to enjoin a sale, which was to be made, according to the advertisement of the trustee, to pay all three of the notes, on the ground that, except as to the $504, they were without any consideration, and it contains, as to this and the legal interest on it, the averment that "complainant is willing and ready to pay in full settlement of the said notes and trust deed securing the same when due, and no part of even the $1,665 will be due on the date advertised for the sale." The demurrer to this bill contains only this ground, viz.: "There is no equity on the face of said bill of complaint." The chancery court sustained this demurrer, and dismissed the bill. This was error, because, as we have held above, there was equity in the bill.

Here the point is made, which does not appear to have been made in the chancery court, that there was no actual tender in court of the money admitted to be due. This is not available here, nor below, because, if valid at all, the demurrer does not

point out this, and gives no notice that this ground would be relied on. The general ground of "no equity on the face of the bill" is not enough in a case like this. Code 1892, § 530; Code 1906, § 581; Code 1892, § 696; Code 1906, § 754.

We do not decide now whether actual production of money in court is necessary, but think it proper that this case be

*Reversed and remanded.*