LIBERTY TRUST Co. *et al. v.* PLANTERS' BANK.

(Division B. Oct. 28, 1929.)

[124 So. 341. No. 28086.]

**Pollard & Hammer**, of Greenwood, for appellant.

**Roberson & Cook**, of Clarksdale, for appellee.

**Griffith, J.**, delivered the opinion of the court.

In this state, and in practically all the states, no appeal is allowed to the supreme court from judgments at law, unless the judgment is a final judgment; and the same rule is observed in nearly all the states in respect to decrees in chancery. We believe the only exceptions are in those few states which have borrowed from Virginia, said to be the originator of the exception, a statute providing for the allowance of an appeal from an inter-

locutory decree in equity, when the interlocutory decree is one "adjudicating the principles of the cause." This exceptional statute found its way into our state in the original act creating the court of chancery, and is section 37 of that act, passed November 27, 1821 (Poindexter's Code 1824, p. 93). It is a part of the judicial history of this state that the act last mentioned was drawn by Governor George Poindexter, a native of Virginia, and who in the first official Code of this state, known as Poindexter's Code, brought numerous features of the Virginia law into our statutes. In our earlier statutes, and up to the statute of 1924, the expression used has been "in order to settle the principles of the cause," but the meaning is substantially the same.

Both Virginia and West Virginia have construed the statute as meaning that an appeal may not be allowed under it, when only a part of the principles of the case are adjudged by the decree, or would be settled by the appeal. In Wood v. Harmison, 41 W. Va. 381, 23 S. E. 560, 561, citing Shirey v. Musgrave, 29 W. Va. 131, 11 S. E. 914, it is said: "This statute authorizes an appeal under this clause only when the decree adjudicates all questions raised in the cause by pleading or otherwise, and that, if any one of a number of questions involved, is left, undetermined, it is not appealable." The court, on page 380 of 41 W. Va. (23 S. E. 561), had also said: "It would not do to allow an appeal from any decree or order just because it settled something in the case, though important, leaving important subjects yet untouched; for that would greatly delay the lower court, by repeated appeals, and fill the appellate court with innumerable appeals." And again on the same page the court said further that an interlocutory decree, in order to be appealable, must be one "adjudicating the principles of the cause—not part of them, but all of them, as it was not intended that a dozen decrees, disposing of the matters in controversy by piecemeal, should each be appealed."

The West Virginia court had at an early day in that state in Buehler v. Cheuvront, 15 W. Va. 479, held to the same effect, and in Lancaster v. Lancaster, 86 Va. 201, 9 S. E. 988, the supreme court of appeals of Virginia adopted the same view, citing with approval the West Virginia case last mentioned.

It will be observed that the statute was sought to be made available in those states when only a part of a case, or a part of the principles involved, would be settled, and the experience in this state has been of a like kind. In Ward v. Whitfield, 64 Miss. at page 761, 2 So. 493, 495, our court said: ''We would ·. . . again admonish chancellors that appeals from interlocutory decrees ought not to be granted unless the principles of the case can be settled upon such appeals. In the progress of chancery proceedings very many interlocutory decrees are made, and it is but natural that parties should desire to avail themselves of every opportunity afforded for appeals. . . . It is not the purpose of the statute to afford appeals to this court merely because litigants are dissatisfied with such interlocutory decrees. Ordinarily the interests of all parties will be advanced, and justice more speedily and economically administered, by proceeding to final decree. Unless the evil of frequent appeals is removed by the action of the lower courts, this court will apply the corrective by dismissing ex mero motu appeals improvidently granted.''

Evidently but little attention was paid to that admonition of the court, or, if any, it was soon forgotten, although in the meantime in such cases as Ames v. Williams, 73 Miss. 772, 19 So. 673, the admonition was repeated, for, twenty years later, our court, in Bierce v. Grant, 91 Miss. at page 796, 45 So. 876, 877, used the following language: ''No statute in the entire Code of our laws has been so frequently so palpably, and so grossly abused as has this one. The result is that we are

constantly having causes in chancery brought here on piecemeal appeals, where it would be far wiser to develop the whole cause fully, thoroughly, and satisfactorily on the facts making the case, and, after a final decree on the merits of the cause thus developed, to then, by proper appeal, present the various questions reserved in the progress of the trial. . . . It is to be hoped that we will have some legislation amending this section 35, so as to prevent the great abuse, now and for some time past, manifesting itself in respect to this particular class of appeals.''

The legislation, the need of which was so earnestly pointed out by the court, finally came, although much delayed, and by section 17, chapter 151, Laws 1924, the statute was rewritten, so as to allow appeals under the clause in question only when so to do would ''settle all the controlling principles involved in the cause.'' This language is so plain that no elaboration upon it could make it plainer; nevertheless, cases continue to come here upon piecemeal appeals granted in violation of it, and the case here before us is merely another in the very teeth of the statute. It is disclosed by the pleadings, and was admitted in the argument upon challenge by the court, that the appeal here would settle only a part of the principles and moreover applies only to some of the parties; the other parties must wait, while those solely involved in this particular appeal would litigate on the appeal their parcel of the case.

But it was said in the argument that the point has not been raised by the parties. This would be wholly immaterial, even if all the parties to the case were parties to this appeal, rather than some of them only, as is the situation here; for it is elementary that this court has no jurisdiction of appeals, except within and strictly within, the terms of the statutes so allowing, and that a want of jurisdiction may be raised by this court, not

merely as a privilege, but that it must do so as a duty. We repeat what was said forty years ago in Ward v. Whitfield, supra, that, when these appeals are granted in contravention of the statute, we will apply the corrective by dismissing them ex mero motu. To do otherwise would not only make us parties to the violation of the statute, but would place us in the attitude of delivering opinions purely advisory in their effect—opinions which, for want of jurisdiction to render them, would have no binding force upon the parties, upon the trial court, or upon us.

Appeal dismissed.