CAROTHERS *v.* BANK OF BALDWYN.

(Division B. Dec. 1, 1930.)

[131 So. 111. No. 28973.]

**Creekmore & Creekmore** and **E. C. Sharp**, all of Jackson, for appellant.

**Cox & Cox**, of Baldwyn, and **W. C. Sweat**, of Corinth, for appellee.

Briefs of counsel were on the principles of law to be settled by the appeal.

**Ethridge, P. J.,** delivered the opinion of the court.

This appeal was granted by the chancellor from an order sustaining a demurrer to settle the principles of a case.

We think the appeal was improvidently granted. The bill was only defective in amendable particulars, and the principles governing the cause are well settled. Under the present statute, chapter 151, Laws of 1924, section 14, Code of 1930, appeal is only granted when the appeal will settle all the controlling principles involved in the cause. Whenever a bill states a case imperfectly, which may be cured by amendment, the chancellor should require the pleader, when the demurrer is sustained, to elect to stand on his bill or to amend it within a given time. It is only where no relief can be granted under the bill on appeal from an order sustaining a demurrer thereto that all the principles of a case can be settled until the pleadings have been made up.

The only question is whether or not there are sufficient facts pleaded in the bill to bring the case within simple principles. Appeals from amendable bills demurred to and the demurrer sustained or overruled do not settle all of the controlling principles of a case, and these cannot be known or determined sufficiently until the pleadings have been settled. If we entertained appeals to amendable bills from interlocutory decrees sustaining or overruling demurrers, it would result in delay and expense rather than save it.

We desire again to call attention of the bar and bench to the observations of the court in Bierce v. Grant, 91 Miss. at page 797 and 798, 45 So. 876, and to the principles announced in Yazoo & M. V. R. Co. v. James, 108 Miss. 661, 67 So. 152, and Norris v. Burnett, 108 Miss. at page 378, 66 So. 748; Barrier v. Kelly, 81 Miss. 266, 32 So. 999; and Armstrong v. Moore, 112 Miss. 511, 73 So. 566.

The declaration sent up stated a cause of action defectively, which can be cured by amendment.

The appeal must be dismissed, and the cause remanded, with leave to the complainant to amend his bill within thirty days or to elect to stand upon the bill as it is drawn. In the latter case, if the bill is dismissed, the order will be a final decree.

Appeal dismissed.