LOVE· *et al. v.* LOVE.

(Division B. Dec. 1, 1930.)

[131 So. 280. No. 28972.]

Shands, **Elmore** & **Causey,** of Cleveland, for appellants.

**Ruth Campbell** and **T. H. Campbell,** both of Yazoo City, and **J. C. Roberts,** of Cleveland, for appellee.

Briefs of counsel addressed to merits of case and not to points of practice upon which court acted.

**Griffith, J.,** delivered the opinion of the court.

On August 28, 1928, Jerry Love of Bolivar county departed this life, leaving a will dated July 28, 1928, by the terms of which all his real estate was devised to named devisees and by which a bequest was made also as to his personal property; the provisions respecting said bequest, however, not being entirely clear. This will was duly admitted to probate on September 5, 1928, and letters testamentary were issued to the executor nominated in the will, whereupon the executor entered upon the discharge of his trust in the ordinary course of testamentary estates.

Thereafter and on February 25, 1929, appellee filed her petition in the matter of said estate and averred that she is the widow of said testator, and his sole heir at law; that petitioner has no separate estate, and by reason of the fact that the testator made no provision for her in his said will, she is entitled to share in said estate to the extent of one-half thereof, and that a decree should be entered declaring her rights as aforesaid; and that all orders theretofore made in the administration of said estate in contravention of her interests should be vacated and annulled. The will was annexed to the petition as an exhibit.

Appellants, being two of the devisees named in said will, instead of answering said petition, or demurring thereto, filed a motion to strike it from the files; and the said motion to strike being overruled by the court, strange to say, the court granted an interlocutory appeal "to settle the principles of law." The grounds of the motion to strike may be summarized in the language of the appellants' brief as follows: "Because the petition contained no prayer for relief germane to the administration of the estate of Jerry Love, deceased; asked no relief against any person by proper averment, and be-

cause the only part of the prayer of said petition which was bottomed upon any allegation of fact was a prayer that the court would adjudge her to be the widow and sole heir of Jerry Love"—the latter contention involving the proposition, as developed further along in appellants' brief, that the petition should have been independently filed under sections 359-361, Code 1930, the sections under which heirs at law may be recognized and sent into possession. It is enough to say of that latter contention that the statutes relied on have reference only to property as to which the owner "shall have died intestate."

But so far as this appeal is concerned it is disposed of by the observation that a motion to strike involves nothing but a mere point of practice, does not "settle all the controlling principles involved in the cause," and is therefore not within the statute allowing interlocutory appeals. See section 14, Code 1930. In the case of McDowell v. Minor (Miss.) 131 So. 278, this day decided, we have called attention to the erroneous practice, occasionally attempted, of motions to strike as a substitute for plenary pleadings, and wherein we have said that except as otherwise expressly provided by statute, "motions are generally appropriate only in the absence of remedies by regular pleadings and cannot be made available to settle important questions or to dispose of the merits of the case." Since a motion, aside from a statutory motion, is not available to settle important questions or to dispose of the merits of the case, it follows that the interlocutory appeal here allowed on overruling the motion to strike cannot "settle all the controlling principles involved in the cause," and the allowance of such an appeal was manifestly unauthorized, was totally without effect, and the attempted appeal must be dismissed. Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341.

Appeal dismissed.