STIRLING et al. v. WHITNEY NAT. BANK et al.

(Division B. Oct. 30, 1933. Suggestion of Error Overruled Nov. 27, 1933.)

[150 So. 654. No. 30721.]

**J. F. Barbour,** of Yazoo City, and **W. C. Wells,** of Jackson, for appellants other than Chas. McG. Sweitzer.

J. B. Stirling, of Jackson, for appellant, J. B. Stirling.

678

J. Morgan Stevens, of Jackson, for appellant, Charles McGregor Sweitzer.

Fulton Thompson and **Green, Green & Jackson,** all of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellees exhibited their bill in the chancery court against appellants to set aside several conveyances and other transactions which were alleged to be fraudulent, and all in furtherance of a common scheme or purpose of hindering, delaying, or defrauding appellees, who are alleged to be creditors. General and special demurrers were interposed by appellants, and upon the argument thereof all the demurrers, both general and special, were

overruled, and an interlocutory appeal was allowed "to settle the principles of this case and to save expense and delay."

We are of the opinion that the appeal was improperly and improvidently allowed and that it must be dismissed. We are unable to see how this interlocutory appeal would save either expense or delay; but, to the contrary, it is plain to us that it has added to or produced both expense and delay. And it is equally plain that it cannot serve "to settle all the controlling principles involved in the cause," as our present statute, section 14, Code 1930, reads. In Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341, we went to the trouble to make a review of the subject of interlocutory appeals and to point out that our present revised statute means exactly what it says, that such an appeal does not lie to settle some or even most of the controlling principles, but must be effective to settle all the controlling principles of the case, and in such an adequate manner as to furnish a definite guide throughout the case, so far as the merits thereof are concerned. The bill is clearly good as to some of appellants, and even if not as to the others, as to which we express no opinion, a decision here as to those others would manifestly not settle all the controlling principles of the case but only a part of it.

Moreover, as stated, the bill is to set aside alleged fraudulent conveyances. There is perhaps no branch of the law wherein the controlling principles are better settled; and while it is true that the fact that the applicable principles are well settled does not of itself prevent an interlocutory appeal and that it is the law of the particular case that is to be settled, nevertheless such an appeal should not be allowed where the principles of law to be applied are already well and clearly settled unless, in the given situation, the difficulty of application makes the case the substantial equivalent of one wherein the principles have not been well and clearly settled. Griffith, Chan. Prac., p. 799. And such is not at all the

case here. To give the statute on interlocutory appeals any other construction than that just stated, we would have to assume that the legislature, in enacting it, was of the opinion that the chancellors know so little of the well-settled principles of the law that they would be unable to apply those principles in the progress of the usual cases, arising in their courts, unless instructed by the supreme court, and we know that the legislature had no such opinion or purpose.

Again, as stated, there has been in this case only a bill and general and special demurrers thereto. Had the demurrers been sustained, the bill could be, and probably would have been, amended, thereby introducing further facts upon which further principles of the law would come into view. The demurrers were overruled, and when the answers come in there is no way now of knowing what additional matters of law would thus be introduced. Therefore, the language of this court in Carothers v. Bank, 158 Miss. 602, 131 So. 111, is squarely in point and must have been entirely overlooked by the trial court in attempting to grant an appeal in this case. That language is: "Appeals from amendable bills demurred to and the demurrer sustained or overruled do not settle all of the controlling principles of a case, and these cannot be known or determined sufficiently until the pleadings have been settled. If we entertained appeals to amendable bills from interlocutory decrees sustaining or overruling demurrers, it would result in delay and expense rather than save it."

We have stated that there were both general and special demurrers. The main arguments in the briefs have been upon the special demurrers, as, for instance, that the bill is multifarious; that it is vague, uncertain, and indefinite; that it is not properly sworn to; that it waives answer under oath and yet seeks to require answer under oath to the interrogatories propounded in the bill; that it seeks to discover irrelevant and immaterial matters, and to discover matters that are privileged; that the in-

terrogatories call for answers as to matters which are as well within the reach of complainants as of defendants; and so on. Some of these objections appear to us to be well taken, as, for instance, the objection that the bill waives answer under oath and yet undertakes to obtain answers to the interrogatories under oath; at the same time, all these are purely procedural matters and their determination obviously would not settle all the controlling principles of the case. Rulings which involve matters of practice and procedure are not within the statute allowing interlocutory appeals, as we held in Love v. Love, 158 Miss. 785, 787, 131 So. 280, unless by the order or decree appealed from "money is required to be paid, or the possession of property changed," or where there is one of those rare and exceptional cases in which it is clear that to allow the appeal will "avoid expense and delay."

We must insist, and continue to insist, that these interlocutory appeals shall be controlled by the letter and intent of our recent, revised statute, enacted after long and unfortunate experience with previous statutes, which revised statute accords in its purpose with what was said in Bierce v. Grant, 91 Miss. 791, 797, 45 So. 876, 877, that except in cases coming strictly within the statute, it is "far wiser to develop the whole cause fully, thoroughly, and satisfactorily on the facts making the case, and, after a final decree on the merits of the cause thus developed, to then, by proper appeal, present the various questions reserved in the progress of the trial."

Appeal dismissed.