STANDARD LUMBER & MFG. CO. *et al. v.* RODDIS LUMBER & VENEER CO.

(Division B.   Nov. 27, 1933.)

[151 So. 152.   No. 30857.]

Green, Green & Jackson, of Jackson, for appellants.

Stevens & Heidelberg, of Hattiesburg, for appellants.

H. M. Bryan, J. Morgan Stevens and J. M. Stevens, Jr., all of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Roddis Lumber & Veneer Company, filed a bill in the chancery court of Hinds county against the appellant Standard Lumber & Manufacturing Company, the Mississippi State Hospital, improvement and land sale commission, and various contractors, and the sureties on their bonds, for the construction of certain buildings at the new insane hospital at Whitfield, Mississippi.

The substance of the bill is that the Roddis Lumber & Veneer Company manufacture certain doors, known as "Roddis Doors," and that the contracts between the state hospital, improvement and land sale commission, and said contractors provided that such doors, or their equivalent, should be used in the buildings to be erected by them; that

the complainant sold to the Standard Lumber & Manufacturing Company the required number of doors and shipped them to Whitfield, Mississippi. That the state hospital, improvement and land sale commission, and the various contractors knew that the complainant had sold such doors to the Standard Lumber & Manufacturing Company, and that such doors had been used in the construction of said buildings. The bill further alleges that the Standard Lumber & Manufacturing Company had made partial payments for said doors, but that there was still due more than two thousand dollars on invoices made exhibits to the bill. It is further alleged in the bill that the Standard Lumber & Manufacturing Company has become insolvent, and that if the funds due by said contractors to the said company should be paid to it, such funds would be squandered; and that the state hospital removal, improvement and land sale commission, and the various contractors were liable to the complainant for the value of the doors so furnished which had not been paid for by the Standard Lumber & Manufacturing Company, and sought judgment against said defendants for the respective amounts.

There was general demurrer by the defendants separately, all of which, however, covered the same ground, and also special demurrers by which they covered practically the same grounds; the general demurrer assigning the following: (1) That there was no equity on the face of the bill and (2) that the bill shows on its face, that as to these defendants, the complainant has a full, complete, and adequate remedy at law.

The special demurrer assigns a number of grounds, as follows: (1) The bill is multifarious for the reason that the complainant undertakes in one cause and in one bill of complaint to unite many causes; (2) the bill is multifarious because it joins as parties several firms, individuals, etc., who have no common interest; (3) that the bill is multifarious because the interests of the defendants flow

from different sources, and have no common or connecting link; (4) that the bill is multifarious because the respondents, while joined as parties defendant, do not ask for relief for the reason that no allegation of delivery of any doors is made; (5) that the exhibits prayed to be considered a part of the bill do not appear as exhibits to a certified copy of the bill of complaint furnished these defendants.

The court sustained the demurrer as to the Mississippi State Hospital Removal, improvement and land sale commission, and dismissed the bill as to it, but overruled the demurrers as to the other defendants, and allowed sixty days within which to file amendments to their bill; granting an appeal to settle the principles of the cause.

We are of opinion that the appeal cannot be entertained. If we should hold that the bill does not state a cause of action, it might be amended and resubmitted. If we hold that it does state a cause of action, pleas might be filed in confession and avoidance, and all the issues shifted. In other words, we would be unable to settle all the controlling principles of the cause, because the issues have not been made up, and we are unable to see what issues might arise during the course of the trial. This, of course, would be dependent, in a considerable degree, upon the defense that might be made to the bill by the pleadings. An issue might be made upon the allegations of a pleading in defense of the declaration, or a pleading subsequent to that issue.

A chancellor only has power to grant an appeal under section 14, Code 1930, where such appeal would settle all the principles applicable to the suit. This was expressly held in several cases. Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111; Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341, and Stirling v. Whitney Nat'l Bank et al., decided October 30, 1933, 150 So. 654.

Accordingly, the appeal will be dismissed.

Dismissed.