FARMERS & MERCHANTS BANK *v.* RUSHING *et al.*

(Division B.   May 4, 1936.)

[167 So. 784.   No. 32215.]

**Green, Green & Jackson,** of Jackson, and **Jeff Kent,** of Forest, for appellant.

**O. H. Barnett, Jr.,** of Carthage, for appellees.

**Griffith, J.,** delivered the opinion of the court.

On November 9, 1929, the appellee L. S. Rushing, the husband of the other appellee, gave a deed of trust to appellant's assignors upon one hundred fifteen acres of land which, as appellees assert and the court found, was then, and has since continued to be, the homestead of said husband and wife. The wife did not join in this deed of trust. There was a defect in the description of the land, and on December 4, 1933, appellant filed a bill against the husband seeking a reformation of the deed of trust and for its foreclosure in chancery. On January 18, 1934, before answer was filed by the husband, appellee, the wife, filed a petition in said cause asking to be made a party defendant thereto on the ground that the land involved was and had been the homestead as aforesaid, but the petition of the wife to intervene and be made a party was denied.

The cause thence proceeded to hearing and decree against the husband as the sole defendant, with the result that the deed of trust was reformed, a decree of foreclosure was rendered, a commissioner was appointed to sell the land, the sale was made and confirmed, and, in pursuance thereof, on November 14, 1934, a commissioner's deed was made to appellant. Within a few days thereafter the wife, joined by her husband, filed her original bill to cancel the said commissioner's deed as a cloud upon the title to said homestead, and, upon pleadings and proof in the latter case, the court found as first aforesaid and canceled the said commissioner's deed.

It is contended that the proceedings in the first suit are res adjudicata and that the wife is bound thereby, because, although the court erroneously refused to allow her to intervene and become a party defendant—see on this point McDonald v. Sanford, 88 Miss. 633, at page 639, 41 So. 369, 117 Am. St. Rep. 758, 9 Ann. Cas. 1—

the wife lost her rights to institute an independent suit because she did not appeal from the order of the court denying her the right to intervene. Only those who are actually parties to the suit or who are privies or personal representatives may appeal; and as to an appeal from the order denying the wife the right to become a party, this was an interlocutory or procedural order from which no appeal was allowable under the interlocutory appeal statute (Code 1930, sec. 14), or, if so, it was not as a matter of right. The wife was not barred by the former suit to which she was not made, or allowed to become, a party.

There is sufficient testimony in the record to sustain the findings of fact by the chancellor on the second hearing, and the decree would be affirmed except for the following matter: Appellant averred by its cross-bill and showed by its proof that it had paid out certain sums for the redemption of the lands from tax sales for state and county taxes, and for the payment of taxes. Appellant was entitled to be subrogated to the lien of the state and county in respect to those payments. We have recently dealt with this precise point in Federal Land Bank v. Newsom (Miss.), 161 So. 864, 867; Id. (Miss.), 166 So. 345.

Affirmed in part; reversed in part and remanded.