WIRTZ *et al. v.* GORDON.

(Division B.   May 18, 1936.)

[168 So. 74.   No. 32211.]

Everett, Forman & Everett, of Indianola, and Maynard, FitzGerald & Venable, of Clarksdale, for appellant.

**Moody & Johnson,** of Indianola, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee is the daughter of Edmond H. Faison, deceased, who, during his lifetime, executed a bond mortgage or deed of trust upon all the lands involved in this suit. Faison died on November 11, 1926, leaving a will which was duly probated, under the terms of which appellee asserts that she was and is a devisee of a one-third

interest in the said lands. On or about April 15, 1933, appellant Wirtz filed a bill to foreclose the bond mortgage or deed of trust aforementioned, averring therein that he was then the owner of a portion of the bonds secured by said mortgage or deed of trust, and he was joined in the bill, as complainant, by one Hachmeister, as successor trustee. Appellee, then a minor, was named as a party defendant to the bill of foreclosure, but was never served with summons. Instead thereof, the mother of appellee attempted to execute a waiver of process for appellee. The foreclosure suit proceeded to final decree, and, at the judicial sale ordered therein, the appellant Wirtz became the purchaser, received the commissioner's deed, and entered into possession of the land.

Thereafter, about June 3, 1935, and after appellee had attained the age of twenty-one years she filed her bill against Wirtz, and four others, seeking to set aside the said judicial sale and the commissioner's deed executed in pursuance thereof, and to vacate the entire foreclosure proceedings so far as appellee is concerned, because she was never served with summons, as required by law, and, therefore, was not in fact a party to the foreclosure suit. Wirtz and two other defendants answered appellee's bill and made their answer a cross-bill. And in their answer they incorporated a demurrer. There are four stated grounds of demurrer. The first ground is that the bill presents no cause of action; the second is that the bill fails to disclose that appellee was ever vested with any interest in the lands; the third is that the exhibits filed with the bill show that appellee had no cause of action; and the fourth ground is that Hachmeister, successor trustee, was not joined as a party defendant to appellee's bill. The demurrer was heard in advance, as is permitted by our procedure, and was overruled, but instead of proceeding to trial upon the full merits of the case, the court attempted to allow an interlocutory appeal ''to settle all of the controlling principles involved in the case and to avoid expense and delay.''

Upon turning to the brief of appellant, we find that the first point there entered upon, and which point embraces one-third of the pages of the argument, is that appellee cannot maintain her bill because she has not offered to do equity by tendering into court her proportion of the mortgage indebtedness—a point which was not mentioned in any of the grounds of demurrer, and which therefore was not before the trial court and is not before this court. It was settled in McDonald v. Kamper, 89 Miss. 221, 224, 42 So. 877, that the absence of a tender or of a sufficient tender in a bill cannot be availed of by a general demurrer, but that particular ground must be specially relied on by a demurrer which particularly points out this as a ground. This ruling is in accord with the principles of equity procedure upon the subject. See Griffith, Miss. Chan. Prac., pp. 295, 568.

Thus there is presented an attempted appeal to settle all the controlling principles of the case when the very first point argued and insisted upon was not presented to the trial court and is not pleaded in such manner that it may be considered here. And thus it is at once obvious that the appeal would not settle all the controlling principles of the case. In Moore v. White, 161 Miss. 390, 137 So. 99, we held that where an important point was attempted to be brought into the case on appeal which was not before the chancellor, no interlocutory appeal would lie.

What has been above said is enough to dispose of this supposed appeal, and leaving aside the fact that the demurrer is by three of the five defendants, the other two defendants not having answered or demurred, and no decree having been taken against them, Federal Land Bank v. Kimbriel (Miss.), 163 So. 501, but we must add that a careful examination of the bill, the answer, and the cross-bill discloses that there are important legal questions presented which are not touched by the demurrer in the answer or by the assigned grounds thereof, and which could not become the subjects of a demurrer

under the state of the pleadings. The allowance of the interlocutory appeal was unauthorized and improvident, therefore, not only for the reasons stated, but for other reasons apparent upon the face of the pleadings and exhibits. It is apparent that the precise merits of this case cannot be fully understood and the correct legal principles safely applied until there has been a complete development of the case on all the facts. For fifty years, beginning with Ward v. Whitfield, 64 Miss. 754, 2 So. 493, and as particularly pointed out in Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341, and more recently in Stirling v. Whitney Nat. Bank, 170 Miss. 674, 150 So. 654, this court has admonished and protested against these interlocutory appeals, so often illegally allowed. And as to the alleged ground that such an appeal, as in this case, would avoid expense and delay, it is plain that the exact opposite has happened here and does happen, except in extremely rare cases.

Appeal dismissed.