LOTT *et al. v.* WINDHAM *et al.*

(In Banc.   Oct. 27, 1941.)

[4 So. (2d) 342.   No. 34703.]

**E. L. Dent**, of Collins, for appellant.

**W. U. Corley**, of Collins, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellants filed their bill against the several grantees in certain separate mineral deeds praying for their cancellation or reformation on the ground that they constituted clouds upon title of appellants. These deeds with one exception had been executed to the respective defendants by appellants who alleged mistake, absence of consideration and other grounds.

A special demurrer was filed setting up that "the said complainant (sic) is multifarious and repugnant in its allegations." Upon the same grounds the trial court sustained the demurrer and allowed an appeal "to settle the principles of law involved in this case."

The appeal is improvident and cannot be entertained. Ward v. Whitfield, 64 Miss. 754, 761, 2 So. 493; Ames v. Williams, 73 Miss. 772, 19 So. 673; Bierce v. Grant, 91 Miss. 791, 796, 45 So. 876; Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341; Love v. Love, 158 Miss. 785, 131 So. 280; Stirling v. Whitney Nat. Bank, 170 Miss. 674, 150 So. 654; Wirtz v. Gordon, 175 Miss. 726, 168 So. 74; Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111; Standard Lumber & Mfg. Co. v. Roddis Lumber & Veneer Co., 168 Miss. 202, 151 So. 152; Marquette Cement Mfg. Co. v. New Amsterdam Cas. Co., 174 Miss. 843, 165 So. 615; Farmers & Merchants Bank v. Rushing, 175 Miss. 826, 167 So. 784; Breland v. Lemastus, 183 Miss. 150, 183 So. 500.

The demurrer raised and the interlocutory decree thereon adjudicated merely a procedural matter (Section 396, Code 1930) and an appeal therefrom not only would not settle all controlling substantive principles involved in the cause, as contemplated by Section 14, Code 1930, but, indeed, none at all. The appeal therefore must be dismissed.

Appeal dismissed.