JOHANSEN *v.* McMILLAN *et al.*

(In Banc. Dec. 6, 1943.)

[15 So. (2d) 692. No. 35436.)

J. F. Galloway, of Gulfport, for appellant.

Geo. R. Smith, of Gulfport, for appellees.

**Griffith, J.,** delivered the opinion of the court.

There are four defendants to the bill of complaint in this case; namely, William Johansen, D. Seward, H. J. Young, and Clifford H. Johansen. William Johansen did not answer and no decree pro confesso was taken against him. Seward filed a disclaimer. Young filed a separate answer. Clifford H. Johansen filed a demurrer which being overruled, this appeal was attempted to be allowed him "in order to settle the principles of the case and to avoid expense and delay."

We have held in several cases that an interlocutory appeal is not allowable upon a demurrer when some, but not all, defendants have demurred. Two of these are Federal Land Bank v. Kimbriel, 174 Miss. 153, 163 So. 501, and Liberty Trust Co. v. Planters' Bank, 155 Miss. 721, 124 So. 341.

And the rule is definitely applicable here, for the reason that if the facts as set up in the answer of Young and the reasonable inferences to be drawn therefrom are found on the hearing to be true, the course of decision as to material features of the case might go a certain way, while if found untrue and that the allegations of the bill, as respects several matters controverted in the answer of Young, are found true, then the course of decision might be in another way. Moreover, it appears from the record, as it now stands, that there are issues in respect to valuable improvements and the effect thereof, asserted to have been placed on the land in good faith which the decree on the demurrer does not touch, nor could it. There are still other outstanding features which are not necessary now to pursue.

Manifestly, therefore, the action on the demurrer of the defendant, Clifford H. Johansen, cannot settle "all the controlling principles of the case," and it is to be noted that the order allowing the appeal does not so recite. And as to avoiding expense and delay, it is equally manifest that instead of avoiding, the abortive appeal has caused,

expense and delay. The case is simply another, as are all but the rarely exceptional case, which should have been, and should be, fully developed on all the facts and a final decree entered instead of stopping the progress while this court is reviewing, and at last must dismiss a fragmentary interlocutory appeal.

Appeal dismissed.