PRINE *v.* SMITH

No. 40125 February 13, 1956 85 So. 2d 211

*Rawls & Hathorn, Hall & Callender, Maurice Dantin,* Columbia, for movant.

*W. W. Dent,* Collins, for movee.

McGEHEE, C. J.

This appeal is from an interlocutory order of the Chancery Court of Covington County sustaining a special demurrer to the amended bill of complaint on the ground of failure of complainant to tender the return of the purchase money of the property described in the deed of conveyance sought to be cancelled, laches and a statute of limitation.

The failure to make tender is a procedural defect, and if raised by a demurrer, must be raised by special demurrer. Griffith's Miss. Chancery Practice, 2d Ed., Section 295; Wirtz v. Gordon, 175 Miss. 726, 168 So. 74; McDonald v. Kamper, 89 Miss. 224, 42 So. 877.

In Lott v. Windham, 191 Miss. 849, 4 So. 2d 342, the appeal was from an order sustaining a special demur-

rer, and the granting of the same was held to have been improvident. Many cases are cited in the opinion in support of the Court's decision. In the course of the opinion the Court said: "The demurrer raised and the interlocutory decree thereon adjudicated merely a procedural matter (Section 396, Code 1930) and an appeal therefrom not only would not settle all controlling substantive principles involved in the cause, as contemplated by Section 14, Code 1930, but, indeed, none at all. The appeal therefore must be dismissed."

In Breland v. Lemastus, 183 Miss. 150, 183 So. 500, the Court said: "All the matters passed upon by the chancery court, and in regard to which this interlocutory appeal was attempted to be allowed, appertain to the procedural or adjective side of the law, and we have repeatedly held that such rulings are not within the interlocutory appeals statute, Code 1930, Sec. 14. Stirling v. Whitney National Bank, 170 Miss. 674, 684, 150 So. 654; Farmers & Merchants Bank v. Rushing, 175 Miss. 826, 831, 167 So. 784; Marquette Cement Mfg. Co. v. New Amsterdam Casualty Co., 174 Miss. 843, 845, 165 So. 615; Love v. Love, 158 Miss. 785, 787, 131 So. 280."

In Hardy v. Candelain, 204 Miss. 328, 37 So. 2d 360, it was held: "We pretermit discussion of the special demurrer, as it is procedural matter and cannot be brought before us for appellate decision on an interlocutory appeal."

In the more recent case of Cochran v. Cochran, (Miss.) 74 So. 2d 841, the Court said: "It is well settled that where the chancery court sustains a special demurrer to a bill for adjective and procedural defects only, an interlocutory appeal does not lie. Lot v. Windham, 191 Miss. 849, 4 So. 2d 342; Stirling v. Whitney National Bank, 170 Miss. 674, 150 So. 654; Carothers v. Bank of Baldwyn, 158 Miss. 602, 131 So. 111. Appeals from amendable bills in equity do not settle all of the controlling principles of a case. They cannot be known or de-

termined sufficiently until the pleadings have been settled. Yates v. Box, 194 Miss. 374, 11 So. 2d 802. Since this appeal was not permissible under the statute, the motion to dismiss the appeal is sustained.''

See also Griffith's Miss. Chancery Practice, 2d Ed., Sections 682 and 684.

 Although it is argued in the brief of the appellant in response to the motion to dismiss the appeal that there is a novel question involved, we are of the opinion that a decision of the questions raised by the special demurrer would not settle all of the controlling principles of the case or avoid expense and delay, and that therefore the motion to dismiss the interlocutory appeal should be, and the same is, sustained.

Motion to dismiss interlocutory appeal sustained.

All justices concur except *Hall* and *Kyle*, JJ., who took no part.