BRADY, Justice.
This is an appeal from an interlocutory decree of the Chancery Court of Harrison County which overruled appellants’ demurrer. Some background facts are necessary for the understanding of this cause and are as follows.
The appellees, life tenants together with the trustee, executed an oil lease to Humble Oil & Refining Company for mineral exploration of their interest in Berkley Plantation. All of the remaindermen joined in the lease except appellants, who own one-fifth of one-sixth of Berkley Plantation, subject to the appellees’ life estate. See Martin v. Eslick, 229 Miss. 234, 90 So.2d 635 (1956), motion to correct judgment sustained, 92 So.2d 244, 245 (1957).
Appellants here brought suit against Humble for damages for waste of their remainder interest. Martin v. Humble Oil & Ref. Co., 199 F.Supp. 648 (1960). That decision allowed appellants here damages for waste to their remainder interest.
The decision of the Federal District Court was affirmed by the Circuit Court of Appeals. Humble Oil & Ref. Co. v. Martin, 298 F.2d 163 (5th Cir. 1961), cert. denied, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed. 64 (1962). The court pointed out as follows:
We are. not passing upon the question whether any rights do or do not exist in favor of the trustee and the life tenants [appellees here] against the appellee [ap *306 pellants here]. We merely say that the judgment before us does not affect those rights in any way. (298 F.2d at 168.)
In February 1967 appellees filed suit against appellants and Humble in the chancery court. They alleged that the damages awarded by the Federal District Court in Martin v. Humble, supra, should be paid to the trustee so the life tenants could enjoy the income. In short, appellees say these damages belong to the corpus of the trust and appellants are not entitled to enjoyment of the corpus until termination of the life estate. Appellants’ demurrer to the bill was overruled and leave was given to file this interlocutory appeal.
Humble did not join in the demurrer and an application for a writ of certiorari by Humble to this Court was denied. Humble has filed a brief amicus curiae.
The determinative issue is whether or not this Court should uphold the lower court in granting an interlocutory appeal from the overruling of appellants’ demurrer. Mississippi Code 1942 Annotated section 1148 (1956) controls the determination of the issue in this cause. It provides in part as follows:
An appeal may in sound discretion be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when having sustained or overruled a demurrer or motion he may think an appeal proper in order to- settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay * * *.
Therefore, it is apparent that the basic question is whether or not the appeal from the order overruling the demurrer settles all of the controlling principles involved in the cause.
Appellees’ bill of complaint requires that the damages obtained by appellants should be deposited with the trustee so the appel-lees can enjoy the income therefrom. It is obvious that if appellees are successful in their bill Humble could be required to pay twice for the same damages. This follows because they are still under the order of the Federal District Court as long as waste continues, and they would also be subject to the order of the Chancery Court.
The upholding of the lower court in granting the interlocutory appeal would not comply with the basic requirements outlined in Mississippi Code 1942 Annotated section 1148 (1956) in that it would not settle all the controlling principles involved in the cause. Humble Oil & Refining Company is a material party to this suit and has been since it obtained a lease to Berkley Plantation. It was a material party when it paid to the remaindermen, in compliance with the orders of the United States District Court and the United States Court of Appeals, the sums of money representing the damages due because of the waste committed. The rights of the appellants and the appellees in their respective relations to Humble are not and cannot be determined by the demurrer.
The trial court should have granted a full hearing on the issues involved in this cause so this Court would be in a position to adjudicate the rights of the litigants. We cannot say with any assurance whatsoever that all of the controlling principles involved in this cause would be settled by our allowing this appeal.
For these reasons, the appeal is dismissed. Burns v. Arrington, 251 Miss. 247, 169 So.2d 831 (1964); Nash v. Winter, 235 Miss. 330, 109 So.2d 336 (1959) ; Farrar v. Phares, 232 Miss. 391, 99 So.2d 594 (1958) ; Federal Land Bank v. Kimbriel, 174 Miss. 153, 163 So. 501 (1935); Standard Lumber & Mfg. Co. v. Roddis Lumber & Veneer Co., 168 Miss. 202, 151 So. 152 (1933).
Appeal dismissed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.