JAMES E. BOST, Commissioner
for the Court:[1]
Masonite Corporation filed its bill of complaint against Harold L. Berry in the Chancery Court of Lawrence County, praying that the court grant unto complainant a reasonable extension of time within which to cut and remove the timber sold to Masonite by Berry or, in the alternative, to direct the defendant to return the $60,-778.95 consideration paid for the timber.
Berry filed a general demurrer asserting no equity on the face of the bill, and the court overruled. Berry then moved for allowance of appeal under the provisions of Mississippi Code Annotated, Section 11-51-7 (1972), assigning as his reason therefor that such appeal would settle all controlling principles involved. Appeal from the order overruling the demurrer was allowed, and this Court is now presented with two issues: (1) Was there error in allowing the interlocutory appeal? (2) Was there error in overruling the general demurrer? In view of our decision on the first issue, that the interlocutory appeal was improperly granted, we do not reach the second issue.
Mississippi Code Annotated, Section 11-51-7 (1972) provides for the granting of appeals from interlocutory orders or decrees under certain conditions. The statute contemplates that an interlocutory appeal will be granted only if all the controlling principles in the case may be settled, or to avoid expense and delay. Interlocutory appeals are to be granted with caution. Burns v. Arrington, 251 Miss. 247, 169 So.2d 831 (1964); Martin v. Reed, 232 Miss. 258, 98 So.2d 765 (1957); Prine v. Smith, 226 Miss. 701, 85 So.2d 210 (1956); Stirling v. Whitney National Bank, 170 Miss. 674, 150 So. 654 (1933).
All the controlling principles cannot be settled on this appeal. Accordingly, allowance of this interlocutory appeal was error.
The order granting an interlocutory appeal is reversed and this case is remanded for a hearing on the merits.
REVERSED AND REMANDED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.